UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| GREGORY A. MATTHEWS and AUTHOR LEE HICKENBOTTOM, JR., individually and on behalf of similarly situated individuals, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 3:11-cv-97-RLY-WGH |
| PROFESSIONAL TRANSPORTATION, INC., and RONALD D. ROMAIN, individually and as president and secretary of PROFESSIONAL TRANSPORTATION, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

This matter is before the Honorable William G. Hussmann, Jr., United

States Magistrate Judge, on the Entry Referring Matter to Magistrate Judge

entered by the Honorable Richard L. Young, Chief Judge, on October 2, 2014

(Dkt. 348) and Plaintiffs' Motion for an order regarding settlement class

administration filed August 8, 2014 (Dkt. 342). A telephonic hearing was held

on the record on October 15, 2014, at 9:00 a.m. Plaintiffs were represented by

counsel, Joseph H. Cassell and Terry D. Smith. Defendants were represented

by counsel, Libby Yin Goodknight.

For the following reasons, the Magistrate Judge **RECOMMENDS** that the Court issue the Proposed Order of Administration of this Fair Labor Standards Act and Rule 23 class action attached as "EXHIBIT B."

## Factual and Legal Findings

1. The parties in this case, through counsel, have negotiated settlement agreements which apply both to the Plaintiffs' Fair Labor Standards Act claims and certain Illinois wage claims brought as a class action under Federal Rule of Civil Procedure 23. The parties have agreed on the record that the terms of those agreements are intended to be identical and are, in fact, identical in all pertinent parts to the resolution of this dispute. Therefore, the Magistrate will reference the pertinent parts in this Report and Recommendation to the Confidential FLSA Settlement Agreement ("the Agreement") found at Docket 327-1 of the record. The issue in dispute involves living Eligible Opt-In Plaintiffs who have received notice of the settlement and have provided the appropriate signed settlement release form to be eligible for a payment under these settlement agreements.

2. Pursuant to Section IV(C)(2) of the Agreement, upon receipt of the executed settlement release forms from Plaintiffs' counsel, PTI issued two checks payable to claimants in accordance with the allocations reflected in "EXHIBIT A" attached to this Report and Recommendation and described in Section IV(B)(1) of the Agreement.

3.  Pursuant to Section IV(C)(3) of the Agreement, PTI thereafter mailed the checks to Class Counsel for the individuals for whom it had received signed, appropriate settlement release forms.

4.  Under Section IV(H) of the Agreement, Class Counsel agreed to administer the settlement in this case and undertook the obligation to provide the checks given to Class Counsel by PTI to Plaintiff recipients.

5.  Plaintiff's counsel has contacted the Plaintiffs on the list attached as EXHIBIT A and has been advised that the checks sent by Plaintiffs' counsel to the claimants were never received, were lost, or were destroyed before this date, and have not been cashed.

6.  Section IV(D) of the Agreement provides:  "Any check that remains undeliverable or is not cashed within 180 days following its issuance shall be cancelled and voided.  After the 180-day period following the issuance of the last check by PTI, the aggregate amount of the remaining cancelled and voided checks shall be distributed, *cy pres*, to the charity identified in Section IV(I) of this Agreement."  (Agreement, § IV(D).)

7.  In pertinent part, the Agreement at Section IV(E) states:  "The Parties stipulate and agree that . . . [if] the Eligible Opt-In Plaintiff fails to cash the checks payable to him or her within the time period described in Section IV(D) of this Agreement, these non-responding Eligible Opt-In Plaintiffs' ('Non-Responding Eligible Opt-In Plaintiffs') FLSA Claims shall be dismissed with prejudice, and their statute of limitations will not be tolled following the Court's

entry of dismissal with prejudice based on this Agreement. Such Non-Responding Eligible Opt-In Plaintiffs shall be deemed to have waived any rights to any portion or allocation of the FLSA Settlement Sum." (*Id.* at § IV(E).)

8. If the Eligible Opt-In Plaintiffs fail to cash the checks payable to him or her within 180 days of mailing, the parties therefore have stipulated that such Plaintiffs shall have been "deemed to waive any rights to any portion or allocation of the . . . Settlement Sum." (*Id.*)

9. In addition, the language in Section IV(D) provides that following the issuance of the last check by PTI, "the aggregate amount of the remaining cancelled and voided checks shall be distributed, *cy pres*, . . . ." (*Id.* at § IV(D).)

10. The Magistrate concludes that the amount of any such uncashed check shall not reduce the *cy pres* fund, as under Section IV(I) of the Agreement the unclaimed portion of the Settlement Sum, including allocations to those who "fail to timely cash a check as described in Section IV(D) and (E) of this Agreement, shall revert to a *cy pres* fund, and 100% of the proceeds shall be donated to the [appropriate entity]." (*Id.* at § IV(I).)

11. In the event Defendants choose not to cancel and void the outstanding checks or those checks are cashed despite an appropriate stop payment order, Defendants shall have the right (but not the obligation) under Section IV(H) of the Agreement to seek indemnification from Plaintiffs' Class Counsel. This is because Class Counsel accepted by contract the duties to properly administer the settlement and under the terms, "PTI shall not be liable

for any acts or omissions of Class Counsel in distributing the amounts tendered to them by PTI." (*Id.* at § IV(H).)

12.   Applying Indiana law as called for in the Agreement, the Magistrate finds that the language in Sections IV(D), (E), and (H) is not ambiguous and **RECOMMENDS** that the proposed Order of Administration, as attached, be issued.

### Discussion

The Magistrate concludes that while the claimants listed in EXHIBIT A have made a proper claim for payment under the express terms of the Agreement, PTI is only obligated to issue one check to satisfy that liability.  The parties have expressly stipulated in the Agreement that any uncashed check is deemed to be a waiver of any rights to any portion or allocation of the Settlement Sum.  Under the Proposed Order of Administration attached as EXHIBIT B, PTI may elect to pay checks beyond the 180-day period, and in fact is encouraged to do that so all claimants receive their allocation of the funds. However, PTI has the right under the Agreement to stop payment on the check and make a timely distribution of the *cy pres* amounts.  If thereafter checks are negotiated, PTI has the right, but not the obligation, to seek indemnification when the amounts paid to claimants plus the *cy pres* distribution exceeds the total amount of the Settlement Sum.

The Agreement specifically provides that the risk of proper administration of the funds falls upon Plaintiffs' counsel.  If a loss occurs because Plaintiffs' counsel failed to ensure that the checks which came into their possession for

delivery were not in fact delivered, counsel have voluntarily undertaken that risk and have agreed to indemnify PTI for any liability beyond the total of the allocation in EXHIBIT A plus the *cy pres* fund promptly distributed. The language of the Agreement specifically provides that the *cy pres* fund is not to be diminished by uncashed checks.

**Entered:**  October 24, 2014

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Served electronically on all ECF-registered counsel of record.**