UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| GREGORY A. MATTHEWS and ) <br> AUTHOR LEE HICKENBOTTOM, JR., ) <br> individually and on behalf of similarly ) <br> situated individuals, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> vs. ) <br>  ) <br> PROFESSIONAL TRANSPORTATION, ) <br> INC. and RONALD D. ROMAIN, ) <br> individually and as president and secretary ) <br> of PROFESSIONALTRANSPORTATION, ) <br> INC., ) <br>  ) <br> Defendants. ) | 3:11-cv-00097-RLY-WGH |

**ENTRY SETTING ASIDE THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On October 24, 2014, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the court issue the Proposed Order of Administration of this Fair Labor Standards Act and Rule 23 class action. (Filing No. 353-2). Plaintiffs timely filed an objection, and Defendants, Professional Transportation, Inc. and Ronald D. Romain, individually and as president and secretary of Professional Transportation, Inc. (hereinafter "PTI"), filed a response in support of the R&R. The court, having reviewed the terms of the parties' Settlement Agreements, now finds the Magistrate Judge's R&R, including his Order of Administration, should be **SET ASIDE**. PTI is **ORDERED** to

1

assist Class Counsel in the administration of the settlement class consistent with this Entry.

## I. Background

### A. Factual Background

The parties, through counsel, negotiated Settlement Agreements with respect to both the Plaintiffs' Fair Labor Standards Act claims and certain Illinois wage claims brought as a class action under Federal Rule of Civil Procedure 23. Pursuant to the Agreements, the Plaintiffs were required to sign a settlement release and confidentiality form. The Plaintiffs at issue in this Entry did so, and thus, were eligible for a payment pursuant to the Agreement. PTI mailed the settlement checks to Class Counsel for those individuals in accordance with the allocations reflected in Exhibit A of the Settlement Agreement. (Filing No. 327-2). Each opt-in Plaintiff was to receive two settlement checks from PTI. (Filing No. 327-3).

Class Counsel agreed to administer the settlement rather than retain a Third Party Administrator. (Filing No. 327-1, Section IV(H)). Upon receipt of the checks from PTI, Class Counsel mailed the checks to the Plaintiffs by first class mail. Class Counsel represents that 2,317 eligible opt-in Plaintiffs received their settlement checks; 14 did not. Of the 31 checks at issue, 28 checks were apparently lost by the Postal Service, and three were either lost or destroyed by the recipients. (*See* Filing 353-1). After Class Counsel conferred with PTI's counsel regarding the 31 checks at issue, PTI refused to re-issue the checks, prompting Plaintiffs to file a motion requesting that PTI be court-ordered to re-issue the checks. (Filing No. 342). That motion was referred to the Magistrate Judge,

who held a telephonic hearing regarding the motion on October 15, 2014. In the Magistrate Judge's R&R issued shortly thereafter, the Magistrate Judge interpreted the parties' Settlement Agreements as not requiring PTI to re-issue the checks, and recommended that the court issue his Proposed Order of Administration, attached as Exhibit B to his R&R. (Filing No. 353-2).

B.     **The Terms of the Settlement Agreement**

The Magistrate Judge's ruling relied on Sections IV (D), (E) and (H) of the Confidential FLSA Settlement Agreement.[1] In pertinent part, those sections provide:

> D.     <u>Uncashed checks</u>.  Any check that remains undeliverable or is not cashed within 180 days following its issuance shall be cancelled and void. After the 180-day period following the issuance of the last check by PTI, the aggregate amount of the remaining cancelled and voided checks shall be distributed, *cy pres*, to the charity identified in Section IV(I) of this Agreement.
>
> E.     <u>Dismissal and Waiver of Claims by Non-Responding Eligible Opt-In Plaintiffs</u>.  The Parties stipulate and agree that . . . [if] the Eligible Opt-In Plaintiff fails to cash the checks payable to him or her within the time period described in Section IV(D) of this Agreement, these non-responding Eligible Opt-In Plaintiffs' ('Non-Responding Eligible Opt-In Plaintiffs') FLSA Claims shall be dismissed with prejudice, and their statute of limitations will not be tolled following the Court's entry of dismissal with prejudice based on this Agreement.  Such Non-Responding Eligible Opt-In Plaintiffs shall be deemed to have waived any rights to any portion or allocation of the FLSA Settlement Sum.
>
> H.     <u>Class Counsel Administration of Settlement</u>.  Class Counsel has offered and agreed to administer the settlement rather than retain a third party administrator.  The FLSA Named Plaintiffs, Eligible Opt-In Plaintiffs, and Class Counsel shall protect, indemnify, defend, and hold PTI harmless

---

[1] The parties agree that the terms of the Settlement Agreements for Plaintiffs' FLSA claims and certain Illinois wage claims brought as a class action are identical in all relevant respects.  Like the Magistrate Judge, the court will reference the relevant portions of this Entry to the Confidential FLSA Settlement Agreement found at Filing 327-1.

3

>from and against any costs, fees, interest, liability, claims, damages, or penalties relating to Class Counsel's administration of the settlement, including Class Counsel's determination of the individual allocation of the FLSA Settlement Sum to each FLSA Named Plaintiff and Eligible Opt-In Plaintiff as set forth in Exhibit A. PTI shall not be liable for any acts or omissions of Class Counsel in distributing the amounts tendered to them by PTI.

## II. Discussion

Plaintiffs object on several grounds, but only one need be discussed. The dispositive issue is whether PTI is obligated, pursuant to the terms of the parties' Settlement Agreement, to re-issue the 31 lost or destroyed settlement checks to the eligible opt-in Plaintiffs, listed in Exhibit A to the R&R. (Filing No. 353-1). The Magistrate Judge found that PTI was not because, under the terms of the Settlement Agreement: (1) PTI was obligated to issue the settlement checks only once; (2) Class Counsel voluntarily undertook the risk of delivering the checks to the eligible opt-in Plaintiffs and thus, any risk of loss falls on Counsel; and (3) any checks that fall within the definition of an "uncashed check," including the checks at issue here, revert to the *cy pres* fund, as Plaintiffs waived any right to those funds by failing to cash them within 180 days of issuance.

As noted above, the Confidential FLSA Settlement Agreement defines an "uncashed check" as "[a]ny check that remains undeliverable or is not cashed within 180 days . . . ." A fair reading of this section of the Settlement Agreement implies that either: (1) the checks were "undeliverable"; meaning they were not capable of being delivered due to an erroneous address, the death of the recipient, or the like; or (2) the recipient received the check, but for whatever reason, including inadvertence, the recipient did not

4

cash the otherwise valid check. The situation at issue here, whether the checks were either lost by the Postal Service or accidentally destroyed by the recipient, is not contemplated by the terms of this section, or by the terms of any section in the Settlement Agreements.

PTI argues that, under the terms of the Settlement Agreement, it is not liable for "any acts or omissions of Class Counsel in distributing the amounts tendered to them by PTI." (Filing No. 327-1). While that is true, the court is not aware of any act or omission for which Class Counsel is responsible. Class Counsel mailed the checks to the appropriate recipients at the same address (apparently) that Class Counsel successfully sent the confidentiality and release forms. The act or omission at issue here is the fault of either the Postal Service or of the recipients themselves. Again, this particular situation was not contemplated by the parties' Agreements.

The Agreements read as a whole are meant to compensate the eligible opt-in Plaintiffs for the alleged wrongs of PTI. Indeed, Section IV.B(1) of the FLSA Settlement Agreement provides that "each Eligible Opt-In Plaintiff shall receive his or her allocated share of the FLSA Settlement Sum as set forth in Exhibit A . . . ." (Filing No. 327-1 at 8). Exhibit B to the Agreement provides that in exchange for a release and confidentiality of the settlement terms, opt-in Plaintiffs will receive their settlement funds in two checks within thirty days of the receipt of their release by PTI. (Filing No. 327-3). In addition, Section XIV of the Agreement, entitled "Cooperation," provides that Class Counsel and PTI "agree to use their best efforts to carry out the terms of this Agreement." (Filing No. 327-1 at 21). The court therefore finds that to deny these eligible opt-in Plaintiffs their

settlement proceeds, under the circumstances presented here, is inconsistent with the spirit of the Settlement Agreements and would be unjust. PTI is therefore **ORDERED** to re-issue the checks in the time frame set forth below.

**III. Conclusion**

The court finds the Plaintiffs' Objection to the Magistrate Judge's Report and Recommendation has merit, and therefore **SETS ASIDE** the Report and Recommendation and the attached Order of Administration, and **GRANTS** Plaintiff's Motion (Filing No. 342) requesting PTI to assist in settlement class administration. Accordingly, the court **ORDERS** PTI to re-issue the 31 checks payable to the eligible opt-in Plaintiffs, (*see* Filing 353-1), and send them to Class Counsel within thirty (30) days of the date of this Entry. Any costs involved in that endeavor, and any stop payment fees associated with the lost or destroyed checks, shall be reimbursed by Class Counsel. Class Counsel shall mail the checks by certified mail to the appropriate eligible opt-in Plaintiffs within ten (10) days of receipt of the checks by PTI.

**SO ORDERED** this 14th day of January 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.